UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALEB NUQUAY MACKEY,

    Petitioner,

v.

    Case No. 2:19-cv-203

    Hon. Hala Y. Jarbou

CONNIE HORTON,

    Respondent.
_____/

## ORDER

On August 20, 2021, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 23) recommending that the Court deny Petitioner Caleb Nuquay Mackey's habeas petition. Before the Court is Petitioner's objection to the R&R (Pet'r's Obj. to R&R, ECF No. 24).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Petitioner brought his habeas petition based on nine grounds:

I.     The prosecutor vouched for [victim's] credibility, in violation of the Due Process Clause of the Fourteenth Amendment.

II.     Trial counsel was constitutionally ineffective for failing to investigate and failing to have a reasonable trial strategy.

III.     Trial counsel was completely absent from the critical stage of sentencing, in violation of the Sixth Amendment.

IV.     Petitioner was denied his counsel of choice at sentencing, in violation of the Sixth Amendment.

V.     Petitioner's trial attorney had a conflict of interest that adversely affected his performance, in violation of the Sixth Amendment.

>    VI. Trial counsel was absent from the critical pretrial stage, in violation of the Sixth Amendment.
>
>    VII. Trial counsel was ineffective for failing to advise Petitioner of his right to testify.
>
>    VIII. The prosecutor shifted the burden of proof during closing arguments by referring to Petitioner's failure to testify, in violation of the Fifth and Fourteenth Amendments.
>
>    IX. Appellate counsel was constitutionally ineffective for failing to raise habeas claims II-VIII on direct appeal.

(R&R 1-2 (quoting Pet., ECF No. 1, PageID.4-7.) The magistrate judge determined that all nine grounds for habeas relief were meritless. Petitioner makes eight objections to the magistrate judge's R&R.

Habeas petitions on behalf of persons incarcerated pursuant to state court convictions are reviewed by applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The writ will not be granted unless adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (internal quotation marks omitted).

Petitioner's first and eighth objections involve the magistrate judge's recommendation on his first and eighth claims regarding prosecutorial conduct during trial, vouching for the victim witness's credibility and shifting the burden of proof, respectively. "Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528

2

(6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  The Michigan Court of Appeals determined that the prosecutor's argument about the witness's credibility did not bear the hallmarks of impermissible vouching or bolstering and were supported by the record and fair comment on the evidence.  There is a presumption of correctness accorded to findings of state trial courts and appellate courts.  *See Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).  Petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc).  The R&R points out that Petitioner fails to offer clear and convincing evidence to rebut the presumption that the appellate court's conclusion was based on an unreasonable determination of the facts.  This Court agrees.

Similarly, regarding Petitioner's claim that the prosecutor impermissibly shifted the burden of proof to him as the defendant at trial, the magistrate judge determined that Petitioner failed to show that the trial court's rejection of this challenge was so lacking in justification that every fairminded jurist would disagree with it.  Petitioner's eighth objection does not rebut the presumption of correctness and his disagreement with the magistrate judge and the trial court's determination is not enough to grant a habeas petition.

Petitioner's second to seventh objections involve the magistrate judge's recommendations regarding Petitioner's Sixth Amendment ineffective assistance of counsel claims.  Petitioner's second objection challenges the R&R's determination that he is not entitled to habeas relief on the grounds that his trial counsel failed to investigate and failed to have a reasonable trial strategy.  He also argues that an evidentiary hearing is required to determine if his trial counsel's investigation was constitutionally adequate.  Petitioner does not provide any support for this claim.  As the R&R points out, the state court rejected Petitioner's arguments on failure to investigate and trial strategy twice before, on direct appeal and on motion for a relief from judgment.  The trial court made a

3

factual determination that there was nothing in the record that showed any possible benefit from additional investigation. Petitioner's objection pointing to his affidavit listing the conduct or failures to act of trial counsel is not clear and convincing evidence that the state court's factual determinations are incorrect.

Petitioner's third objection faults the magistrate judge for using the wrong standard in deciding the issue of whether Petitioner's trial counsel's absence at sentencing was a violation of his Sixth Amendment rights. Petitioner states that this claim should have been reviewed in light of *United States v. Cronic*, 466 U.S. 648 (1984) and not *Strickland v. Washington*, 466 U.S. 668 (1984). However, the magistrate applied *Cronic* in reviewing this claim, not *Strickland*. (*See* R&R 21-22.)

Petitioner's fourth objection argues that the magistrate judge erred in his conclusion regarding whether Petitioner was denied his counsel of choice at sentencing, "for the same reasons in support of Issue 1." (Pet'r's Obj. to R&R, PageID.1203.) Petitioner used a fact-based argument in his first objection, and that claim involved prosecutorial conduct. This objection and the underlying claim cannot be supported by those same reasons. It is unclear what reasons Petitioner intends for support of this objection. Thus, the objection will be denied.

Petitioner's fifth objection is to the magistrate judge's determination of his claim that his trial attorney had a conflict of interest. Again, the magistrate judge concluded that Petitioner failed to show that the state court's rejection of this claim is contrary to, or an unreasonable application of, clearly established federal law. Further, the magistrate determined that Petitioner failed to show that his trial counsel had an "actual conflict of interest." *See Strickland*, 466 U.S. at 692. To show an "actual conflict of interest," Petitioner must "demonstrate[] that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his

4

lawyer's performance.'" *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).  Petitioner points to his affidavit where he stated that his trial counsel had told the person who retained counsel on Petitioner's behalf that he was a loyal customer of the jewelry store that Petitioner was convicted of robbing.  This fails to demonstrate that Petitioner's trial counsel actively represented conflicting interests or that counsel's performance was adversely affected.

Petitioner's sixth objection argues that the magistrate judge erred in concluding Petitioner's counsel was not absent from critical pretrial proceedings in violation of Petitioner's Sixth Amendment rights.  Petitioner argues that his affidavit stating counsel's deficiencies and failures to act is clear and convincing evidence to rebut the presumption of correctness given to the state court's factual determinations that counsel was present during the pretrial stage.  Petitioner provides no support that his self-serving affidavit is sufficient to constitute clear and unconvincing evidence.

Lastly, Petitioner's seventh objection argues that the magistrate judge erred in concluding that trial counsel was not ineffective for failing to advise Petitioner of his right to testify at trial.  Petitioner seems to imply that there is a strict requirement that counsel must inform Petitioner of his right to testify, and that failure to do so is a per se violation of Petitioner's rights.  First, Petitioner does not provide support for such a claim.  Second, Petitioner does not suggest that he was unaware of such a right.  The magistrate judge points out that this was Petitioner's third trial in Kalamazoo County Circuit Court and he had previously entered a guilty plea in the Oakland County court to a charge of unlawfully driving away an automobile.  A standard "Advice of Rights" form is executed in connection with such pleas and advises the pleader of the right to testify at trial.  If Petitioner was already aware of his right, trial counsel's failure to inform him of the right would not constitute prejudice under *Strickland*.

5

Accordingly,

**IT IS ORDERED** that Petitioner's objection (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not conclude that the dismissal of Petitioner's claims was debatable or wrong. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter a judgment dismissing the habeas petition.

Date:   February 10, 2022                               /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE